UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation | Master File: Civil 02-2677 (DSD/FLN) MDL No. 1511 |
| This document applies to Case Nos. 02-2677, 02-2774, 02-2787, 02-2832, 02-2889, 02-2921, 02-2933, 02-3053, 02-3508, 02-3574, 02-3715, 02-3755, and 02-3798, the Securities Cases. | |

## ORDER FOR FINAL JUDGMENT
## SECURITIES LITIGATION

**WHEREAS**, the parties to the above-described action (the "Action") entered into a Settlement Agreement dated as of January 14, 2005 (the "Settlement"); and

**WHEREAS,** on January 14, 2005, the Court entered an Order Preliminarily Approving Settlement, which, <u>inter alia</u>:  (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all Persons, including Xcel employees, who purchased or otherwise acquired for value any common stock of Xcel or NRG Senior Notes during the period beginning January 31, 2001 through July 25, 2002, inclusive, whether pursuant to prospectus, in open-market transactions, or otherwise, except the defendants, any member of the immediate family of any individual defendant, and any legal representative, heir, controlling person, successor, predecessor in interest or assign of any defendant

("Settlement Class" or "Class"); (iii) approved the forms of notice of the Settlement to the Class Members; (iv) directed that appropriate notice of the Settlement be given to the Settlement Class; and (v) set a hearing date for final approval of the Settlement; and

**WHEREAS,** notice of the Settlement was mailed to Class Members on February 4, 2005, and thereafter.  The summary notice of the Settlement was published in the national edition of <u>The Wall Street Journal,</u> <u>Minneapolis Star Tribune</u> and <u>St. Paul Pioneer Press</u> on February 10, 2005; and

**WHEREAS,** on April 1, 2005, at 9:30 a.m., at the United States District Court for the District of Minnesota, U.S. Federal Courts Building, 300 South Fourth Street, Minneapolis, Minnesota 55415, The Honorable David S. Doty held a hearing on whether the Settlement was fair, reasonable, adequate, and in the best interests of the Settlement Class ("Settlement Hearing"); and

**WHEREAS,** based on the foregoing, having heard the statements of counsel for the parties and of such persons as chose to appear at the Settlement Hearing, having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.  This Court has jurisdiction over the subject matter of the Action.

B.  The form, content, and method of dissemination of the notice given to the Settlement Class, including both published notice and individual notice to all Class Members who could be identified through reasonable effort, was adequate and reasonable, and constituted the best notice practicable under the circumstances.

  C. The notice, as given, complied with the requirements of 15 U.S.C. § 78u-4(a)(7) and of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

  D. The Settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

  E. The plan of distribution described in the notice to Class Members is fair and reasonable.

  F. The Representative Plaintiffs have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

  G. The Representative Plaintiffs and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement set forth in the Settlement Agreement.

  H. The provisions of the Settlement Agreement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

  I. All parties and counsel appearing herein have complied with their obligations under Rule 11(b) of the Federal Rules of Civil Procedure.

  J. This action is properly and finally certified as a class action for purposes of settlement under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The Class is defined as follows:

> All Persons, including Xcel employees, who purchased or otherwise acquired for value common stock of Xcel Energy, Inc. ("Xcel") or Senior Notes issued by NRG Energy, Inc. ("NRG Senior Notes") (consisting of 7.75% notes due 2011 and 8.625% notes due 2031) during the

>period beginning January 31, 2001 through July 25, 2002, inclusive ("Class Period") whether pursuant to prospectus, in open-market transactions, or otherwise, except the defendants, any member of the immediate family of any Individual Defendant, and any legal representative, heir, controlling person, successor, predecessor in interest or assign of any defendant ("Settlement Class" or "Class").

The Court finds that (i) the members of the Class are so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Class, including, <u>inter alia</u>, whether alleged statements by the Defendants were materially false or misleading and whether defendants had a duty to disclose information about the financial connections between Xcel and NRG, in particular certain provisions of Xcel's credit agreements relating to cross defaults, that allegedly were concealed; (iii) the claims of the Representative Plaintiffs as asserted in the Complaint are typical of the claims of the Class; (iv) the Representative Plaintiffs have retained experienced and competent counsel and have fairly and adequately protected the interests of the Class; (v) the questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The persons listed on the attached schedule have submitted valid opt-out requests and are therefore excluded from the Class.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The Settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and it shall be consummated in accordance with the terms and provisions of the Settlement

Agreement. All objections to the settlement have been considered and are overruled.

    2.    Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any party.

    3.    The Representative Plaintiffs and all Class Members are hereby conclusively deemed to have released Xcel Energy, Inc., and the Individual Defendants, all and each of them, and all and each of their respective past and present parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and all of their respective past and present officers, directors, employees, agents, partners, representatives, spouses, heirs, executors, administrators, insurers, reinsurers, attorneys, and assigns (collectively the "Settling Defendants"), with respect to any and all claims, actions, causes of action, rights or liabilities, whether arising out of state or federal law, including Unknown Claims, which exist or may exist against any of the Settling Defendants by reason of any matter, event, cause or thing whatsoever arising out of, relating to, or in any way connected with: (a) the purchase, acquisition, sale or disposition of any Xcel common stock or NRG Senior Notes; (b) any claims that they may have had for recovery to or for them as shareholders of Xcel or as holders of NRG Senior Notes; (c) any of the facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act that have been alleged or referred to in any pleading or other paper filed with the Court in this Action; or (d) any facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act that could have been alleged in the Action and that relate to the Class Member's

investment or potential investment in Xcel and/or NRG securities of any kind or nature (all of the above are "Settled Claims").

4.    The Representative Plaintiffs and all Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all claims which they or any of them had, have or may have against the Settling Defendants, their respective past and present parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and all of their respective past and present officers, directors, employees, agents, partners, representatives, spouses, heirs, executors, administrators, insurers, reinsurers, attorneys, and assigns, arising out of, based upon, or otherwise related in any way to the Settled Claims.

5.    The Court appoints the law firm of Chestnut & Cambronne, P.A. as Plaintiffs' Settlement Counsel for purposes of administration of the Settlement.

6.    The plan of distribution of the Settlement Fund as described in the notice to Class Members is hereby approved, subject to modification by further order of this Court.  Any order or proceedings relating to the plan of distribution or amendments thereto shall not operate to terminate or cancel the Settlement Agreement or affect the finality of this Order approving the Settlement Agreement.

7.    The Court hereby decrees that neither the Settlement Agreement nor this Final Judgment nor the fact of the Settlement is an admission or concession by any Settling Defendant of any liability or wrongdoing.  This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  Neither the Settlement Agreement nor this Final Judgment nor the fact

of Settlement nor the settlement proceedings nor the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption or inference against any Settling Defendants in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement.

8. The parties to the Settlement Agreement, their agents, employees, and attorneys, and the Escrow Agent, shall not be liable for anything done or omitted in connection with these proceedings, the entry of this Final Judgment, or the administration of the payments to Authorized Claimants as provided in the Settlement Agreement, the Escrow Agreement, and this Order, except for their own willful misconduct.

9. The Court takes under advisement the issues of awarding attorney's fees, expenses, and making awards to class representatives.  Those matters will be the subject of a separate order.

10. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distribution to Authorized Claimants under the terms and conditions of the Settlement Agreement and pursuant to further orders of this Court; (b) disposition of the Settlement Fund under the terms and conditions of the Settlement Agreement; (c) the Action, until (i) the Effective Date contemplated by Paragraph V(A)(10) of the Settlement Agreement, and (ii) each and every act agreed to be performed by the parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (d) all parties, for the purpose of enforcing and administering the Settlement Agreement and this Settlement.

11. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

12. In the event that this judgment does not become Final in accordance with Paragraph V(A)(10) of the Settlement Agreement, then the final judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order for Final Judgment shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except to the extent provided by and in accordance with the Settlement Agreement. In such event, the Action shall return to its status prior to execution of the Settlement Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 1, 2005

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court