UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re Xcel Energy, Inc., Securities, Derivative & "ERISA" Litigation | Master File No. 02-2677 (DSD/FLN) MDL No. 1511 |

---

This Document Relates To:

<u>**SHAREHOLDER DERIVATIVE ACTION**</u>

| | |
|---|---|
| <u>**Edith Gottlieb v. Xcel Energy, Inc., et al.**</u> | Civil Action No. 02-2931 |

---

ORDER AND JUDGMENT
<u>APPROVING SETTLEMENT</u>

The above-captioned derivative action having come on regularly for hearing, as noticed, on April 1, 2005, at 9:30 a.m., pursuant to the Order of this Court, dated January 14, 2005 (the "Preliminary Approval Order"), to consider and determine the matters set forth in the Preliminary Approval Order; and due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all persons having any objection to the proposed settlement of this Derivative Action (the "Settlement") or the request for attorneys' fees and reimbursement of costs and expenses in this Derivative Action described in the notice having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel at said hearing; and good cause appearing therefor;

THE COURT HEREBY FINDS, DETERMINES AND ORDERS AS FOLLOWS:

1.     Unless otherwise stated, all capitalized terms used in this Order shall have the same definitions as used in the Stipulation of Settlement of this action dated on or about January 13, 2005 (the "Stipulation").

2.     The Notice of Pendency of Class Action and Derivative Action, Proposed Settlements, Motions for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), disseminated to all Current Shareholders of Xcel by first class mail on February 4, 2005, and by the Summary Notice of Class Action Securities Litigation and Derivative Litigation Settlements (the "Summary Notice"), published in *The Wall Street Journal*, the *Minneapolis Star Tribune* and the *St. Paul Pioneer Press* on February 10, 2005, are hereby determined to be reasonable and sufficient notice of the proposed Settlement of this Derivative Action, the best notice practicable under the circumstances, and in full compliance with Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process of the United States Constitution.

3.     The Stipulation and the terms of the proposed Settlement set forth therein are found to be fair, reasonable and adequate as to each of the parties to the Settlement (the "Parties") and in the best interests of nominal defendant Xcel Energy, Inc. ("Xcel" or the "Company"), and are hereby approved.  The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4.     Subject to the provisions herein, the First Amended Shareholder Derivative Action Complaint (the "Amended Complaint") filed in this Derivative Action is dismissed with prejudice and on the merits, with each party to bear his, her or its own costs (except as otherwise provided in this Order or the Stipulation).

5.     Plaintiff in this Derivative Action and all other present, former and future

shareholders of Xcel are barred and permanently enjoined from instituting, maintaining, prosecuting or continuing to maintain or prosecute against Xcel, any of the Released Parties, and each of their predecessors, successors, present and former subsidiaries and affiliates (whether or not directly or wholly-owned), and each of their past, present and future officers, directors, employees, agents, representatives, brokers, attorneys, accountants, auditors, shareholders and partners, affiliates, parents, subsidiaries, heirs, executors, administrators, insurers, successors and assigns, any and all of the Settled Claims.

6. The Court hereby decrees that neither the Settlement nor this Order and Judgment nor the fact of the Settlement is an admission or concession by any Defendant of any liability or wrongdoing. This Order and Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. Neither the Settlement nor this Order and Judgment nor the fact of settlement nor the settlement proceedings nor the settlement negotiations nor any related documents shall be used or construed as an admission of any fault, liability or wrongdoing by any Defendant. Neither the Settlement nor this Order and Judgment nor the fact of settlement nor the settlement proceedings nor the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption or inference against any Defendant in any proceeding other than such proceedings as may be necessary to consummate or enforce this Settlement.

7. The Settlement was arrived at through arm's-length, good-faith negotiations among the parties hereto.

8. Without in any way affecting the finality of this Order and Judgment, this Court shall retain continuing jurisdiction over the Derivative Action and the Parties to the Stipulation to enter

any further orders as may be necessary to effectuate or enforce the terms and provisions of the Stipulation and the Settlement provided for therein, to protect and effectuate the provisions of this Order and Judgment, and to hear and determine other matters relating to the administration, consummation, construction and enforcement of the Settlement provided for in the Stipulation and in this Order and Judgment.

9. In the event that the Settlement does not become final in accordance with the terms of the Stipulation, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. In such event the findings herein shall also be null and void and the Derivative Action shall return to its status prior to the execution of the Stipulation.

10. The Court will consider and decide the matter of attorneys' fees and reimbursement of expenses in a separate order.

IT IS SO ORDERED:

Dated:  April 1, 2005

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court